- 1 -

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Michael Santos</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>GR OPCO, LLC,</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   <u>4</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.
<u>No</u>

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Peter M Hoogerwoerd</u>      Fla. Bar # <u>188239</u>
        Attorney or party                     (Bar # if attorney)

<u>Peter M Hoogerwoerd</u>         <u>01/13/2021</u>
(type or print name)           Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MICHAEL SANTOS,                         CASE NO.: 2021-000898-CA-01

      Plaintiff,

vs.

GR OPCO, LLC,
d/b/a E11EVEN MIAMI,
A Florida Profit Corporation,

      Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO: GR OPCO, LLC, d/b/a E11EVEN MIAMI**, through its Registered Agent:

      FRANCES K. MARTIN
      1112 N MIAMI AVE
      MIAMI, FL 33136

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      PETER HOOGERWOERD, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                                                          3/16/2021

_____                      _____
CLERK                                                        DATE

_____
(BY) DEPUTY CLERK

Filing # 119582354 E-Filed 01/13/2021 04:22:42 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO.:

MICHAEL SANTOS,

    Plaintiff,

v.

GR OPCO, LLC,
d/b/a E11EVEN MIAMI
A Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, MICHAEL SANTOS (hereinafter "Plaintiff"), on behalf of himself, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, GR OPCO, LLC, d/b/a E11EVEN MIAMI (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly situated individuals for damages in excess of $30,000; for unpaid wages and overtime wages under the Fair Labor Standards Act, 29 U.S.C §§201 ("FLSA"); this is also an action by the Plaintiff for damages for Defendant's violation of the Equal Pay Act 1936, 29 U.S.C. § 206, *et seq.* ("EPA"). This is also an action brought by Plaintiff to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 et seq., and specifically under the provisions of Fla. Stat. § 448.110.

1

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO.:

MICHAEL SANTOS,

    Plaintiff,

v.

GR OPCO, LLC,
d/b/a E11EVEN MIAMI
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, MICHAEL SANTOS (hereinafter "Plaintiff"), on behalf of himself, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, GR OPCO, LLC, d/b/a E11EVEN MIAMI (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly situated individuals for damages in excess of $30,000; for unpaid wages and overtime wages under the Fair Labor Standards Act, 29 U.S.C §§201 ("FLSA"); this is also an action by the Plaintiff for damages for Defendant's violation of the Equal Pay Act 1936, 29 U.S.C. § 206, *et seq*. ("EPA"). This is also an action brought by Plaintiff to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 et seq., and specifically under the provisions of Fla. Stat. § 448.110.

1

2. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff is over the age of eighteen years old and otherwise *suris juris*.

4. Defendant is a Florida profit corporation holding its main place of business in Miami Dade County, Florida and conducting business in Miami Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in the United States District for the Southern District Florida, Miami Division.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

8. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff, MICHAEL SANTOS, was employed by Defendant as a Senior Executive Server Assistant/ Senior Supervisor.

10. Plaintiff began working for Defendant on or about December of 2014.

11. Plaintiff was employed by Defendant until about December of 2018

12. Plaintiff was employed at an hourly rate of $5.00 per hour.

13. Plaintiff worked for Defendant over 40 hours per week.

14. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

15. Throughout Plaintiff's employment, Plaintiff works an average of (37) hours per week.

16. Plaintiff was not paid as proscribed by the laws of the United States and the State of Florida.

17. Additionally, throughout Plaintiff's employment, she was paid at a rate below the minimum applicable hourly wage rate; to wit Defendants miscalculated or allowed to be misappropriated the "tip credit" given to Plaintiff to bring her rate of pay to be in accordance with state and federal laws.

18. During Plaintiff's employment, Plaintiff complained about, or otherwise objected to, Defendant's improper payment of wages.

19. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

20. Throughout Plaintiff's employment, Plaintiff works an average of (37) hours per week.

21. Plaintiff was not paid as proscribed by the laws of the United States and the State of Florida.

22. Additionally, throughout Plaintiff's employment, she was paid at a rate below the minimum applicable hourly wage rate; to wit Defendants miscalculated or allowed to be misappropriated the "tip credit" given to Plaintiff to bring her rate of pay to be in accordance with state and federal laws.

23. During Plaintiff's employment, Plaintiff complained about, or otherwise objected to, Defendant's improper payment of wages.

## FLSA AND COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff and other similarly situated are non-exempt employees of Defendant and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of Plaintiff's original complaint.

25. Specifically, Plaintiff and other similarly situated individuals performed work for Defendant as Senior Executive Server Assistant and senior sepervisor.

26. In addition to misclassifying Plaintiff(s) as "exempt," Defendant subjected Plaintiff and other similarly situated employees to a uniform policy whereby Defendant, GR OPCO, LLC, failed to pay overtime.

27. Plaintiff worked approximately between five (5) to ten (10) hours of overtime per week.

28. The members of the putative collective action are Plaintiff and those GR OPCO, LLC employees who were misclassified as "exempt", when in actuality Plaintiff's salary was $500 per week, with Plaintiff and those similarly situated employees not paid on a salary basis, paid less than $23,600 per year ($455 per week), or whose job duties are not classified as "exempt" as provided for under the FLSA.

29. Plaintiff intends to seek conditional certification of a collective action only for similarly situated GR OPCO, LLC employees for the relevant time period pertaining to this action, a minimum of three years prior to the original filing of Plaintiff's complaint.

30. Defendant, GR OPCO, LLC, is a Florida for Profit Corporation with which serves its customers throughout the State of Florida. It is presently unknown how many similarly situated employees exist within the company.

31. Discovery may reveal that there are other employees who performed similar work with different job titles for GR OPCO, LLC. However, at this time, Plaintiffs only seek conditional collective action certification for similarly situated employees of Defendant who received comparable compensation or were not considered salary employees of the Defendant described herein in Paragraph 18 for GR OPCO, LLC."

32. Defendant, GR OPCO, LLC, in conjunction with its respective divisions, however such divisions are constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated persons in the asserted classes at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

33. During the course of employment with GR OPCO, LLC, Plaintiff and other members of the asserted classes regularly worked over forty (40) hours in each workweek, but were not compensated at time and one half the respective regular rates of pay for all hours worked over forty (40) in each such workweek due in part to GR OPCO, LLC's practice misclassifying members of the asserted FLSA opt-in Classes as exempt and failing to pay overtime.

34. The material time for the claims under the FLSA in this case is the three-year period prior to the date of filing this complaint, and the period of additional time, if any, that such claims were tolled or extended by agreement of Defendant, by equity, or by operation of law.

35. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees in the asserted classes, and the compensation actually paid, or not paid, to such employees should be in the possession, custody and control of GR OPCO, LLC.

36. Plaintiff and all other similarly situated, were not paid at the proper overtime rate for all hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

37. Plaintiff was not paid at the proper rate for all hours worked per week, as proscribed by the laws of the United States and the State of Florida.

38. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

39. Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

40. During the relevant time period, Plaintiff performed overtime work each week for which Defendant failed to pay Plaintiff at one and a half times her regular rate of pay. The employer's decision to not pay overtime was intentional, and therefore, the Plaintiff is eligible to recover unpaid wages for three years prior to the filing of the complaint.

41. Due to Plaintiff's delayed discovery of her rights under the Fair Labor Standards Act, and Defendant's failure to place Plaintiff and others similarly situated on notice of their right to overtime compensation, the statute of limitations should be equitably tolled to begin on the date Plaintiff first became aware of her rights.

42. Plaintiff's time within the company was compensated at a rate of approximately $5.00 per hour and base salary pay of $500 per week. Plaintiff's time past the forty (40) hours was not compensated at all.

### EPA AND SEX (GENDER) BASED DISCRIMINATION ALLEGATIONS

43. This Court has jurisdiction over Plaintiff's EPA claims pursuant to 29 U.S.C. §206 *et seq.*

44. Counts for EPA violations may be brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b), for all claims asserted by the EPA similarly situated plaintiffs who opt-in to this action because the claims of the Plaintiffs are similar to the claims of the EPA opt-in Class.

45. Plaintiffs and the EPA opt-in Class (a) are similarly situated in that (b) they were subjected to Defendant's common practice of gender based discrimination in failing to compensate male employees on par with their male counterparts.

### COUNT I
*FLSA Wage & Hour Federal Statutory Violation*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 45 of this complaint as if set out in full herein.

47. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of FLSA and specifically under the provisions of 29 U.S.C. § 207.

48. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

49. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

50. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

51. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

52. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

53. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

54. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made

by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

55. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

56. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked which were not properly compensated.

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. §206 et seq.*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 45 of this complaint as if set out in full herein.

58. This action is brought by Plaintiff and other similarly-situated individuals to recover back pay damages for Defendant's violation, as well as an additional amount as liquidated damages equal to the amount of back pay awarded, costs, and reasonable attorney's fees under the provisions of the EPA.

59. Plaintiff belongs to a protected class; he is a male.

60. Plaintiff job function as a Senior Executive Server Assistant/ Senior Supervisor were and are of equal skill, effort, and responsibility as the job functions of Defendant's female employee counterparts and they were performed under the same or similar conditions.

61. During all relevant period, Plaintiff received wages lower that most if not all, of Defendant's female employee counterparts wages while performing the same or substantially more work than her male coworkers.

62. Plaintiff was qualified for and entitled to wages equal to or higher than her female coworkers' wages performing the equal and/or same or at times substantially more work than his female counterparts.

63. Defendant violated the EPA in not paying Plaintiff and other similarly situated males on par with their female counterparts; Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

10

    A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

    B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

    C. Award Plaintiff an equal amount in double damages/ liquidated damages; and

    D. Award Plaintiff the cost of this action, together with reasonable attorney's fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation Against GR OPCO, LLC. d/b/a E11EVEN MIAMI*

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 45 of this complaint as if set out in full herein.

65. This action is brought by Plaintiff to recover from Defendant's unpaid minimum compensation as well as liquidated damages, costs and attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any f his employees for a week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which she is employed."

66. Jurisdiction is conferred on this Court by Title 29 U.S.C § 216(b).

67. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

68. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203 (r) and 203 (s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

69. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

70. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § et seq, in the Plaintiff performed services and worked in excess of hours provided by the FLSA but no provisions was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided by the FLSA.

71. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of the minimum and overtime wages as required by the Fair Labor Standard Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

72. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal Rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FLSA and EPA Retaliation Violation against GR OPCO, LLC. d/b/a E11EVEN MIAMI*

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 45 of this complaint as if set out in full herein.

74. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

75. The Equal Pay Act is an amendment to the FLSA and therefore subject to its anti-retaliation provisions.

76. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

77. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

78. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated January 13, 2021

Respectfully submitted,

*By:Peter M. Hoogerwoerd,Esq.,*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130